**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**DONALD ANSON,**

                                    **Plaintiff,**

                    **-v-**                                                    **07-CV-0035A(Sr)**

**UNITED STATES OF AMERICA,**

                                    **Defendant.**

_____


### REPORT RECOMMENDATION AND ORDER

           This case was referred to the undersigned by the Hon. Richard J. Arcara,

pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon

dispositive motions.  Dkt. #7.


           Plaintiff commenced this action pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 1346(b), claiming that he was injured as he entered a Ford

Expedition which the U.S. Marshals were using to transport him from the Buffalo Federal

Detention Facility to a court appearance at the United States District Court for the

Western District of New York in Rochester.  Dkt. #1.


           Currently before the Court is defendant's motion to dismiss for lack of

subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Dkt. #22.  For the

following reasons, it is recommended that defendant's motion be denied.

## BACKGROUND

On April 13, 2005, plaintiff Donald Anson was a federal pre-trial detainee

with a criminal indictment pending before the Hon. Charles J. Siragusa.  *See United*

*States v. Donald Anson*, Docket No. 6:04-CR-6180.  As he was being transported from

the Buffalo Federal Detention Center to the Courthouse in Rochester, New York, plaintiff

alleges that the Deputy United States Marshal instructed him

> to climb over a partially folded down rear drivers-side seat of
> a U.S. Marshals vehicle while he was handcuffed to a waist
> chain and had his ankles shackled.  At such time he caught
> his right foot and ankle chain on the back of the partially
> folded seat falling onto his left elbow and injuring his left
> shoulder.

Dkt. #1.  Plaintiff explains that

> When it was time to enter the vehicle the Marshals, after
> some discussion between themselves, decided to have us
> enter the vehicle via the rear driver-side door instead of the
> rear passenger-side door, as had been done on all of the
> previous trips I had made in this particular vehicle.

Dkt. #1.  Plaintiff alleges that

> The reason that the Marshals established in their discussion,
> and explained to those of us being transported, was that there
> was a loose piece of rubber weather-stripping at the top of
> the rear passenger-side door.  They had decided, that since
> the section of the loose weather-stripping (about 4-5 inches
> worth) would hang down when the door was opened, and as
> such would have to be pressed back into place before the
> door could be properly closed, that it would be more
> convenient for the 2 Marshals to have us use the rear driver-
> side door.  The Marshals would otherwise[] have had to reach
> up and physically press the 4-5 inch area of weather stripping
> back into place with their finger before closing the door.

Dkt. #1.  Plaintiff alleges that although this problem existed on previous trips in the Ford

Explorer, the Marshals had previously permitted passengers to use the affected door and

had "taken the time to push the loose weather-stripping back into place before closing the door."  Dkt. #1.

## DISCUSSION AND ANALYSIS

### Fed. R. Civ. P. 12(b)(1) Standard

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the Court lacks the statutory or constitutional power to adjudicate it.  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *Id.*  In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.  *Id.*  However, the Court "must accept as true all material allegations in the complaint" and interpret a plaintiff's *pro se* complaint "to raise the strongest arguments" that the allegations suggest.  *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### Federal Tort Claims Act

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citations omitted).  "In 1946, Congress adopted the FTCA which, subject to numerous exceptions, waives the sovereign immunity of the federal government for claims based on the negligence of its employees."  *Coulthurst v. United States*, 214 F.3d

106, 108 (2d Cir. 2000).   Specifically, the FTCA authorizes suits against the government

to recover damages

> for injury or loss of property, or personal injury or death
> caused by the negligent or wrongful act or omission of any
> employee of the Government while acting within the scope of
> his office or employment, under circumstances where the
> United States, if a private person, would be liable to the
> claimant in accordance with the law of the place where the
> act or omission occurred.

28 U.S.C. § 1346(b)(1).


One exception to the FTCA is the discretionary function exception, which

provides that Congress's authorization to sue the United States for damages shall not

apply to "[a]ny claim based upon an act or omission of an employee of the Government,

exercising due care, in the execution of a statute or regulation, whether or not such

statute or regulation be valid, or based upon the exercise or performance or the failure to

exercise or perform a discretionary function or duty on the part of an employee of the

Government, whether or not the discretion involved be abused.  28 U.S.C. § 2680(a).  As

set forth by the United States Supreme Court, the discretionary function exception bars

suit if the following conditions are met: (1) the acts alleged to be negligent must be

discretionary, in that they involve an element of judgment or choice and are not

compelled by statute or regulation; and (2) the judgment or choice in question must be

grounded in considerations of public policy or susceptible to policy analysis.  *Coulthurst*,

214 F.3d at 109, *citing United States v. Gaubert*, 499 U.S. 315, 322-23 (1991) and

*Berkowitz v. United States*, 486 U.S. 531, 536-37 (1988).

In the instant case, John Palillo, Jr., the Chief Deputy Marshal for the United States Marshals Service, Western District of New York, declares that the statutes, regulations and internal policy directives afford the United States Marshals Service discretion in restraining and escorting a restrained prisoner.  Dkt. #24, ¶ ¶ 2-5.  Moreover, he generally declares that the exercise of this discretion is based upon policy considerations, including potential security risks, public safety, safety of the escorting officers, and economic constraints.  Dkt. #24, ¶ 6.

Plaintiff argues that the discretionary function exception is not intended to shield the Marshal's negligence in directing plaintiff to use an alternate door to enter the Ford Explorer in order to avoid the need to press the weather stripping into place on the appropriate entrance because such a decision is not grounded in social, economic or policy considerations.  Dkt. #26, p.2 & Dkt. #27, p.2.

As the Court of Appeals noted in *Coulthurst*, a government official's laziness, haste, distraction or inattentiveness in the performance of a discretionary duty cannot be deemed grounded in considerations of government policy.  241 F.3d at 109.  In reaching this conclusion, the Court of Appeals cited *Gaubert*, in which the United States Supreme Court noted:

> There are obviously discretionary acts performed by a
> Government agent that are within the scope of his
> employment but not within the discretionary function
> exception because these acts cannot be said to be based on
> the purposes that the regulatory regime seeks to accomplish.
> The *Gaubert* court explicitly offered the example of a
> government official negligently driving a car while on official
> business as a discretionary act that clearly falls outside the

> [discretionary function exception] because the negligence in
> question cannot be said to be based on policy considerations.

*Id.* at 110, *quoting and citing* Gaubert, 499 U.S. at 325 n.7 (internal quotations and

citations omitted).


In *Coulthurst*, a federal prisoner was injured when a cable on an exercise

machine snapped. *Id.* at 107. Guidelines promulgated by the Bureau of Prisons required

prison officials to inspect inmate wellness areas and records indicated that such an

inspection had been performed two day prior to plaintiff's injury. *Id.* at 108. The Court of

Appeals concluded that "if the inspector failed to perform a diligent inspection out of

laziness or was carelessly inattentive, the [discretionary function exception] does not

shield the United States from liability." *Id.* at 110. The Court of Appeals explained:

> It is not enough to establish that an activity is not mandated
> by statute and involves some element of judgment or choice;
> to obtain dismissal of the suit, the United States must also
> establish that the decision in question was grounded in
> considerations of public policy.

*Id.*


Subsequently, the Court of Appeals considered a claim by a prisoner who

was assaulted by his cell mate and alleged that the prison's staffing policy was negligent

because it allowed inmates to be unattended in locked areas without the ability to signal

for assistance. *Triestman*, 470 F.3d 471. In interpreting plaintiff's allegations, the Court

of Appeals determined that his complaint could be read to assert both that the prison's

"staffing policy was itself negligent" and that prison "employees were negligent in their

enforcement of this policy." *Id.* at 475.   With respect to the latter argument, the Court of Appeals cited *Coulthurst* to uphold a cause of action pursuant to the FTCA under a "negligent guard" theory of liability, "*i.e.*, that the officer on duty when the incident occurred failed to patrol or respond diligently to an emergency situation out of laziness or inattentiveness." *Id.*

Accepting plaintiff's allegations as true, which the Court is required to do in the current procedural posture, the United States Marshals compromised plaintiff's safety to avoid pushing the loose weather-stripping back into place before closing the door. Since such a decision would not be based upon considerations of public policy, plaintiff's allegation falls within the "negligent guard" theory of liability which precludes protection under the discretionary function exception to the FTCA.

## **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that defendant's motion to dismiss for lack of subject matter jurisdiction be **DENIED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED**.

Dated:      Buffalo, New York
            November 5, 2008

s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**