**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DONALD ANSON,**

                          **Plaintiff,**                  **07-CV-0035A(Sr)**

**v.**

**UNITED STATES OF AMERICA,**

                          **Defendant.**

---

## DECISION AND ORDER

       Currently before the Court is plaintiff's application for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. #30.

       There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of
        counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police*

*Officers*, 802 F.2d 58 (2d Cir. 1986).


The Court must consider the issue of appointment carefully, of course,

because "every assignment of a volunteer lawyer to an undeserving client deprives

society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti*

*Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the

"likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877

F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel

should not be appointed in a case where the merits of the . . . claim are thin and his

chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*,

243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal

was not frivolous but nevertheless appeared to have little merit).


The Court has reviewed the facts presented herein in light of the factors

required by law.  Plaintiff alleges that he was injured as he entered a Ford Expedition

which the U.S. Marshals were using to transport him from the Buffalo Federal Detention

Facility to a court appearance at the United States District Court for the Western District

of New York in Rochester.  Dkt. #1.  Plaintiff argues that the issues presented are

complex and that he may require the assistance of counsel in connection with the

-2-

investigation and presentation of evidence and to gather opinion evidence from medical

experts.   Dkt. #30.  To the contrary, the facts and issues in this case, *to wit*, whether

the United States Marshals were negligent is not complex.  Moreover, plaintiff has not

established that he is unable to represent himself in this matter and that the

appointment of counsel is warranted under the factors set forth above.  In fact, plaintiff

has demonstrated an ability to articulate his legal theories to the Court and plaintiff's

testimony concerning the alleged incident and the extent of his pain and suffering will

be the best evidence of his damages.  Thus, plaintiff has not established that he is

unable to represent himself in this matter and that the appointment of counsel is

warranted under the factors set forth above.


       Plaintiff's motion for appointment of counsel (Dkt. #30), is denied without

prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press

forward with this lawsuit *pro se*.  28 U.S.C. § 1654.


       **SO ORDERED.**


DATED:     Buffalo, New York
             March 23, 2009


                         **s/ H. Kenneth Schroeder, Jr.**
                         **H. KENNETH SCHROEDER, JR.**
                         **United States Magistrate Judge**