UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD JAMES ANSON,

                                            Plaintiff,

                                                                       ORDER
       v.                                                                   07-CV-035A

UNITED STATES OF AMERICA,

                                            Defendant.

---

On March 20, 2009, the plaintiff in this case, Donald James Anson, filed a motion that he characterized as an "emergency motion for a temporary injunction," *see* Dkt. 41, wherein he sought an order from the Court enjoining his transfer from FCI Loretto in Pennsylvania (where he is currently housed) to this District. The plaintiff is being transferred to this District for the purpose of taking his deposition in this action. On March 23, 2009, Magistrate Judge H. Kenneth Schroeder, Jr., to whom this case has been referred, issued an order denying the plaintiff's motion for an emergency injunction. Plaintiff then filed a "motion to suspend any further action," which this Court now construes as an appeal of Magistrate Judge Schroeder's March 23, 2009 order.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court "may reconsider any pretrial matter under this [section] where it has been shown that the magistrate's order is clearly erroneous or contrary to law." The Court has reviewed plaintiff's

objections and Magistrate Judge Schroeder's March 23, 2009 order and finds that it is neither clearly erroneous nor contrary to law.[1]  Accordingly, the plaintiff's objections are denied, as is his motion for an emergency stay. Transfer of the plaintiff for the purposes of taking his deposition may occur as scheduled.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  April 10, 2009

---

[1]     Plaintiff characterizes his motion as a request for injunctive relief.  Ordinarily, a Magistrate Judge's decision relating to injunctive relief is treated as a recommendation that is subject to *de novo* review.  In this case, the Court finds that the relief being sought by the plaintiff is more properly characterized as a  request for non-dispositive relief relating to discovery, which is subject to a  "clearly erroneous or contrary to law" standard of review.  Nevertheless, even reviewing the defendant's objections under the more restrictive *de novo* standard, the Court finds that the plaintiff's objections are without merit.