UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD ANSON,

                                    Plaintiff,                07-CV-0035A(Sr)

v.

UNITED STATES OF AMERICA,

                                    Defendant.

---

## **DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7

Currently before the Court is plaintiff's motion seeking an Order from this Court directing that plaintiff be returned to the Federal Correctional Institution in Loretto, Pennsylvania, or in the alternative, an Order directing that "whatever facility is holding plaintiff to make available the medication as last prescribed by his medical provider at Loretto, PA." Dkt. #50, p.1. For the following reasons, plaintiff's motion is denied.

Plaintiff was convicted following a jury trial and sentenced to a term of imprisonment of 288 months in the Federal Bureau of Prisons. *See* Western District of New York Docket 04-CR-6180. While in the custody of the Bureau of Prisons, plaintiff was committed to the Federal Correctional Institution in Loretto, Pennsylvania. In or

about April 2009, plaintiff was transported from Loretto, Pennsylvania to Rochester, New York for the purpose of taking his deposition in this action.  Based on information contained in recent communications received from plaintiff, plaintiff's deposition did take place, as scheduled, on April 15, 2009, in Rochester, New York.  As described in the instant motion, plaintiff is presently in transit from Rochester, New York.  Dkt. #50.  As will be discussed in greater detail below, because decisions concerning the location of a prisoner's confinement are left to the discretion of the Bureau of Prisons, the Court is unaware of whether plaintiff will be returned to Loretto, Pennsylvania.

"It is well-settled that a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred or not transferred from one facility to another." *Fisher v. Goord*, 981 F.Supp. 140, 176 (W.D.N.Y. 1997), *citing Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) and *Pugliese v. Nelson*, 617 F.2d 916 (2d Cir. 1980).  Indeed, the Court lacks the authority to order that a defendant be imprisoned in a particular facility.  *See United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995); *Fisher v. Goord*, 981 F.Supp. 140, 176 (W.D.N.Y. 1997); *United States v. Hollenbeck*, 932 F.Supp. 53, 58 (N.D.N.Y. 1996).  It is equally well-settled that "[p]rison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates [and] courts have repeatedly held that a prisoner does not have the right to the treatment of his choice." *Ross v. Kelly*, 784 F.Supp. 35, 44-45 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.1992) (internal citations omitted).

Here, plaintiff asks this Court to order that he be returned to the Federal Correctional Institution in Loretto, Pennsylvania or, in the alternative, to order that whatever facility is presently housing plaintiff to make available the medications prescribed for him at the Federal Correctional Institution in Loretto, Pennsylvania. This Court lacks the authority to order that the plaintiff be imprisoned in any particular facility. Moreover, decisions concerning the nature and character of medical treatment afforded to an inmate is left to the discretion of prison officials. Accordingly, for the foregoing reasons, plaintiff's motion (Dkt. #50) is denied.

**SO ORDERED**.

Dated: Buffalo, New York
May 22, 2009

                                                **s/ H. Kenneth Schroeder, Jr.**
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**