**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DONALD ANSON,**

                    **Plaintiff,**           07-CV-0035A(Sr)

**v.**

**UNITED STATES OF AMERICA,**

                    **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Plaintiff, who is proceeding *pro se*, commenced this action pursuant to the Federal Tort Claims Act ("FTCA"), Title 28, United States Code, Section 1346(b), on or about January 24, 2007. Plaintiff alleges that on April 13, 2005, while in the custody of the United States Marshal Service, he was injured as he entered a Ford Expedition which the United States Marshal Service was using to transport him from the Buffalo Federal Detention Facility to a court appearance at the United States District Court for the Western District of New York in Rochester, New York. Dkt. #1. Since the filing of the complaint, the parties have been engaged in discovery, including, document requests, interrogatories, requests for admissions, as well as the taking of plaintiff's deposition. Presently pending before this Court is plaintiff's motion seeking an Order

that the Court "deem as admitted" certain facts presented to the defendant in plaintiff's Requests for Admission. Dkt. #115. For the following reasons, plaintiff's motion is denied. However, the Court takes this opportunity to express its displeasure with the failure of counsel for the defendant to comply with the Local Rules for the Western District of New York, specifically, Local Rule 5.2(f), as well as the rules governing electronic case filings, as provided in the Administrative Procedures Guide for the Western District of New York. The Court reminds counsel for the defendant that the only official file and record pertaining to any case pending in the Western District of New York is that which has been electronically filed. In other words, documents maintained in Chambers' case file are *not* part of the official record and would not be part of a record on appeal. Finally, the Court hereby advises the Assistant United States Attorney assigned the responsibility of handling this matter that he must take immediate steps to electronically file all discovery related materials in compliance with Local Rule 5.2(f), as well as electronically file all responses to plaintiff's motions that have not been electronically filed to date, for example, defendant's response to the instant motion, a letter dated September 29, 2011. Be further advised that defendant's failure to comply with this Court's directive by no later than November 18, 2011 may result in sanctions.

**BACKGROUND**

On April 13, 2005, plaintiff, Donald Anson, was a federal pre-trial detainee in connection with an Indictment pending before the Hon. Charles J. Siragusa. *See*

*United States v. Donald Anson*, Docket No. 6:04-CR-6180.  As he was being transported from the Buffalo Federal Detention Facility to the United States District Court in Rochester, New York, plaintiff alleges that a Deputy United States Marshal instructed him to climb over a partially folded down seat of the vehicle he was being transported in while he was handcuffed to a waist chain and had his ankles shackled.  In the process of climbing over the seat, plaintiff further alleges that he caught his right foot and ankle chain on the back of the partially folded seat, fell onto his left elbow and injured his left shoulder.  Dkt. #1.  Plaintiff further claims that a Deputy United States Marshal explained to him that there was a loose piece of rubber weather-stripping at the top of the rear passenger-side door and that since the section of the loose weather-stripping  would hang down when the door was opened, plaintiff and the others being transported would need to use the rear driver side door to enter and exit the vehicle.  *Id*.

       As noted above, during the pendency of this case, plaintiff has availed himself of many of the discovery devices provided in the Federal Rules of Civil Procedure.  Specifically, plaintiff has sought from the defendant the production of documents, answers to interrogatories and requests for admission.  At issue here is plaintiff's Requests for Admission (Dkt. #109) and plaintiff's request that the Court "deem as admitted" request numbers 6, 7, 8, 10, 12, 13, 15, 16, 21, 22, 24, 27, 28, 30, 31, 32, 33 and 34.  Dkt. #115.  In support of the instant motion, plaintiff asserts that defendant violated Rule 36(a)(4) of the Federal Rules of Civil Procedure when it answered "unknown to me" without any statement of what "reasonable inquiry" was made and further, when it failed to supply a statement that "the information it knows or

can readily obtain is insufficient to enable it to admit or deny" a particular request.  See Fed.R.Civ.P. 36(a)(4).  Moreover, plaintiff argues that defendant further violated Rule 36(a)(3) because defendant failed to respond to the Requests for Admission within the thirty (30) day time limit.  See Dkt. #115.

## DISCUSSION AND ANALYSIS

Rule 36 of the Federal Rules of Civil Procedure provides the scope and procedure for Requests for Admission, including the time for responding and the procedure for filing a motion concerning the sufficiency of the answers or objections. Specifically, Rule 36(a)(3) provides, in pertinent part:

> [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . .

Fed.R.Civ.P. 36(a)(3).  Moreover, Rule 36(a)(4) provides:

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4).

Here, plaintiff's Requests for Admission were served on March 29, 2011 and electronically filed on April 1, 2011.  Dkt. #109.  As provided in the Federal Rules of Civil Procedure, defendant's responses to plaintiff's Requests for Admission were due 30 days from service, on or about May 1, 2011.  A Status Conference scheduled for April 24, 2011 was re-scheduled to May 26, 2011.  Dkt. #110.  During the May 26, 2011 Status Conference, counsel for the defendant advised the Court and the plaintiff that he was awaiting responses to plaintiff's Requests for Admission from United States Marshal Service Senior Inspector Christopher Pfohl.  The Court noted that the responses to plaintiff's Requests for Admission had been outstanding far too long and directed counsel for the defendant to supply Senior Inspector Pfohl's responses within two weeks.  In addition to addressing the outstanding Requests for Admission, during the May 26, 2011 Status Conference, the Court further ordered that plaintiff be allowed to prepare written interrogatories directed to two Deputy United States Marshals and to submit those written interrogatories to the defendant by June 30, 2011 and the defendant was ordered to supply responses by July 29, 2011.

Consistent with this Court's Order, on or about June 10, 2011, counsel for the defendant supplied the plaintiff and the Court with Senior Inspector Pfohl's responses to plaintiff's Requests for Admission dated May 26, 2011.  It is undisputed that defendant's responses to plaintiff's Requests for Admission were served well over the thirty (30) day time limit set forth in Rule 36(a)(3) of the Federal Rules of Civil Procedure.  The Court has previously admonished counsel for the government

concerning its dilatory tactics and gamesmanship with respect to the conduct of discovery and that any further delays will not be tolerated.

With respect to the substance of defendant's responses to plaintiff's Requests for Admission, plaintiff asks this Court to deem as admitted the following requests: 6, 7, 8, 10, 12, 13, 15, 16, 21, 22, 24, 27, 28, 30, 31, 32, 33, and 34.  Dkt. #115.  In support of this request, plaintiff complains that defendant's answer to each of the listed requests, "unknown to me," was insufficient in that it failed to include an explanation of what inquiry was made and further, that the answers lacked a statement that the information it knows or can readily obtain is insufficient to enable it to admit or deny the request, and therefore, the defendant had violated Rule 36(a)(4).  Since the filing of the instant motion on July 27, 2011, the Court held a Status Conference on August 23, 2011, wherein the Court directed the defendant to review the instant motion, including the attachments, specifically, plaintiff's Requests for Admission and defendant's response and to respond to the instant motion no later than September 16, 2011.  Thereafter, by letter dated September 7, 2011, defendant purported to clarify its answers to plaintiff's Requests for Admission and enclosed an unsigned, undated document titled, "Clarification of Responses by Christopher Pfohl, given on 05/26/2011."  On September 29, 2011, counsel for the defendant submitted a letter to the Court, with a copy to plaintiff, purporting to respond to the instant motion, as noted above, this letter is not yet part of the Court's official electronic file.  In that letter, counsel for the defendant states, in pertinent part:

> [i]n the instant case, Mr. Anson claims that the Government
> has failed to properly respond in a timely manner to his
> Request For Admission. The Government denies this claim,
> and submits that it has responded to every one of Mr.
> Anson's claims within a reasonable time frame and within
> the time frame ordered by the Court. Deputy Christopher
> Pfohl first responded to Mr. Anson's questions on May 16,
> 2011 [sic] and again on September 7, 2011. This was done
> pursuant to the Court's Order and in an effort to clarify his
> original response. The Government has routinely notified
> the Court and the plaintiff during the many status
> conferences when a response would be delayed, and the
> reason for such delay. In fact, the Government asserts that
> the number of requests submitted by Mr. Anson have been
> numerous, duplicative and has gone well beyond what would
> be allowed in a case where the plaintiff was not appearing
> Pro Se.

Letter dated September 29, 2011 from AUSA Robinson to Hon. H. Kenneth Schroeder, Jr.

As a threshold matter, the Court agrees with plaintiff that defendant's initial response to his Requests for Admission was untimely and deficient in certain respects so as to violate Rule 36 of the Federal Rules of Civil Procedure. In addition, the Court notes that, notwithstanding the clear Order of this Court that defendant "shall respond to the [instant motion] no later than September 16, 2011" (Dkt. #118), counsel for the defendant did not submit his response until nearly two weeks later, on September 29, 2011. What is more, counsel for the defendant did not even offer this Court or the plaintiff an explanation for the delay in the submission of his response.

In addition to counsel for the defendant's complete disregard for the time deadlines set forth in the Federal Rules of Civil Procedure, as well as the failure to obey

the deadlines set by this Court, defendant's initial response and its purported "clarification" are insufficient responses to plaintiff's Requests for Admission as required by Rule 36 of the Federal Rules of Civil Procedure. Based upon a careful review of plaintiff's Requests for Admission, defendant's initial response and defendant's purported "clarification," this Court has concluded that in preparing its responses, defendant has failed to recognize that requests for admission are directed to a party, not to a particular individual. The fact that the defendant elected to submit plaintiff's requests for admission to United States Marshal Service Senior Inspector Christopher Pfohl for response does <u>not</u> mean that if Senior Inspector Pfohl does not have personal knowledge of a particular fact or was not involved in the alleged incident so as to provide a response, the inquiry ends there. To the contrary, the party to whom the requests for admission was directed, the defendant, the United States of America, is required to comply with the requirements set forth in Rule 36 of the Federal Rules of Civil Procedure. In other words, defendant cannot avoid responding to plaintiff's Requests for Admission by simply stating that one individual was not involved or lacks personal knowledge. Rather, the defendant is obligated by Rule 36 of the Federal Rules of Civil Procedure to supply an answer consistent with the requirements as provided in subdivision (a)(4).

Accordingly, for the foregoing reasons, defendant is hereby directed to supply complete responses, consistent with the requirements of Rule 36 of the Federal Rules of Civil Procedure, to plaintiff's Requests for Admission no later than November 18, 2011.  Furthermore, plaintiff's motion is denied without prejudice.

**SO ORDERED**.

Dated:     Buffalo, New York
           November 2, 2011

                                            *s/ H. Kenneth Schroeder, Jr.*
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**